UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x



JOHN WILEY & SONS, INC.,

        Plaintiff,



    -against-            :      08 Civ.

BORGASORUS BOOKS, INC.,
SHAWN GROOMS AND JENNIFER
GROOMS ALL D/B/A BORGASORUS
BOOKS AND JOHN DOES NOS. 1-5,

        Defendants.



- - - - - - - - - - - - - - - - - x

## COMPLAINT

Plaintiff John Wiley & Sons, Inc. ("Wiley"), by its undersigned attorneys, for its complaint against defendants Borgasorus Books, Inc., Shawn Grooms and Jennifer Grooms all d/b/a Borgasorus Books and John Doe Nos. 1 through 5, avers:

### Nature of the Action

1. Wiley is bringing this action to enforce its copyrights and trademarks against defendants' unlawful sale in the United States of non-United States versions of Wiley's educational books.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over the first two claims in this action pursuant to 28 U.S.C.

§§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 et seq., or the Lanham Act, 15 U.S.C. § 1051 et seq. This Court has subject matter jurisdiction over the third claim in this action pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

3.   Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

Parties

4.   Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

5.   Upon information and belief, Borgasorus Books, Inc., is a corporation organized and existing under the laws of the State of Missouri with its principal place of business at 1404 Sachs Business Parkway, Wentzville, Missouri 63385.

6.   Upon information and belief, defendant Jennifer Grooms is a natural person presently residing at 22246 Shelton Road, Warrenton, Missouri 63383.

7.   Upon information and belief, defendants Shawn Grooms is a natural person presently residing at 22246 Shelton Road, Warrenton, Missouri 63383.

8. John Doe Nos. 1-5 are associates of the named defendants whose identities are presently unknown to Wiley.

### The Business of Plaintiff

9. Wiley publishes a variety of works, including educational books.

10. As a standard practice, Wiley requires its authors to assign the copyright to it or grant it the exclusive rights of reproduction and distribution in the United States. This practice enables Wiley to maximize dissemination of each work.

11. Wiley invests significant monies to publish its copyrighted works. Wiley, for example, makes substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

12. Wiley earns a substantial portion of its revenue from the publication of its copyrighted works and would suffer serious financial injury if its copyrights were not enforced. A substantial decline in its income could cause Wiley to cease publishing one or more deserving books or journals. This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

13. Wiley's educational books authorized for sale in the United States are of the highest quality (the "United States

Editions"). These books are generally printed with strong, hard-cover bindings with glossy protective coatings and, in some cases, contain extra features such as sewn ribbon bookmarks. Plaintiffs frequently offer academic supplements, such as CD-ROMs, computer passwords that provide purchasers with access to academic websites corresponding to the textbooks, and study guides with the United States Editions.

14. Wiley generally creates different versions of its educational books that are intended for sale in specific geographic markets outside of the United States (the "Foreign Editions"). The Foreign Editions materially differ from the United States Editions. The Foreign Editions have thinner paper and different bindings, different cover and jacket designs, fewer internal ink colors, if any, lower quality photographs and graphics, and generally lower prices than the United States Editions. Also, the Foreign Editions often lack academic supplements, such as CD-ROMs, website passwords, or study guides. The Foreign Editions are generally marked to indicate their lower cost by a legend indicating, in substance, that the title is a "Low Price Edition" and/or authorized for sale only in a particular country or geographic region. The Foreign Editions are uniformly manufactured outside of the United States.

## Wiley's Copyrights and Trademarks

15. Wiley routinely registers its copyrights. Wiley has generally registered its copyrights in its works, including those identified on Schedule A (the "Wiley Copyrights").

16. Wiley also owns trademarks that it uses to differentiate its products from those of its competitors.

17. Among Wiley's well-known trademarks are "John Wiley & Sons," "Wiley," and the "John Wiley Colophon" (the "Wiley Trademarks"). The United States Registrations for the Wiley Trademarks are identified on Schedule B.

## The Infringing Acts of Defendants

18. Defendants have without permission purchased Foreign Editions of Wiley's books manufactured outside of the United States and resold them to purchasers in the United States through the Internet using the e-mail address borgasorus@yahoo.com and username "Borgasorus Books" at the websites including, but not limited to, Borgasorusbooks.com, Abebooks.com, Biblio.com, Valore.com, Barnesandnoble.com and eBay.com.

## FIRST CLAIM FOR RELIEF
(Copyright Infringement – 17 U.S.C. § 501)

19. Wiley repeats the averments contained in paragraphs 1 through 18 as if set forth in full.

20. Wiley has received United States Certificates of Copyright Registration for the Wiley Copyrights.

21. The Wiley Copyrights are valid and enforceable.

22. Defendants have infringed the Wiley Copyrights in violation of 17 U.S.C. § 501.

23. Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage Wiley. Wiley has no adequate remedy at law for these wrongs and injuries. Wiley is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Wiley Copyrights.

24. Defendants have willfully infringed the Wiley Copyrights.

25. Wiley is entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) Wiley's damages, or alternatively, (3) statutory damages.

SECOND CLAIM FOR RELIEF
(Trademark Infringement - 15 U.S.C. § 1114(a))

26. Wiley repeats the averments contained in paragraphs 1 through 25 above as if set forth in full.

27. Wiley owns the Wiley Trademarks, for which it has obtained United States Trademark Registrations.

28. The Wiley Trademarks are valid and enforceable.

29. Defendants have infringed the Wiley Trademarks in violation of 15 U.S.C. § 1114(a) by using them on and/or in connection with the works that they have sold.

30. Defendants' acts complained of herein have irreparably damaged Wiley and may continue to do so. The damage to Wiley includes harm to its good will and reputation in the marketplace for which money cannot compensate. Wiley has no adequate remedy at law for these wrongs. Wiley is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Wiley Trademarks or any colorable imitation of them.

31. Defendants have willfully infringed the Wiley Trademarks.

32. Wiley is entitled to recover (1) defendants' profits from the infringing books, (2) Wiley's damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
(Common Law Unfair Competition Under State Law)

33. Wiley repeats the averments contained in paragraphs 1 through 32 above as if set forth in full.

34. Defendants' acts complained of herein have damaged and may continue to damage Wiley irreparably. The damage to Wiley includes harm to its goodwill and reputation in the marketplace for which money cannot compensate. Wiley has no adequate remedy at law for these wrongs and injuries. Wiley is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Wiley Trademarks or any colorable imitation of them, to restitution of defendants' ill-gotten gains, and to punitive damages in an amount to be determined by the trier of fact in this action.

WHEREFORE, plaintiff demands judgment:

A. Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Wiley Copyrights in violation of 17 U.S.C. § 501;

B. Awarding Wiley its damages or defendants' profits, or alternatively, at Wiley's election, statutory damages, as a result of defendants' willful infringement of the Wiley Copyrights;

C. Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and

all those acting in concert with them from infringing the Wiley Trademarks in violation of 15 U.S.C. § 1114(a);

D. Awarding Wiley its damages and/or defendants' profits from their willful infringement of the Wiley Trademarks pursuant to 15 U.S.C. § 1117(a);

E. Directing that defendants engage in such additional activities, including, but not limited to, recalls of products and corrective advertising, as may be necessary and appropriate to mitigate the damage defendants have caused;

F. Awarding Wiley its costs in this action, including its reasonable attorneys' fees pursuant 17 U.S.C. § 505 and 15 U.S.C. § 1117;

G. Awarding Wiley punitive damages in an amount to be determined by the trier of fact in this action; and

H. Granting such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       August 7, 2008

                                DUNNEGAN LLC

                                By William Dunnegan
                                   William Dunnegan (WD9316)
                                Attorneys for Plaintiff
                                  John Wiley & Sons, Inc.
                                350 Fifth Avenue
                                New York, New York 10118
                                (212) 332-8300

Schedule A
"Wiley Copyrights"

<u>Title</u>   (<u>Date of Registration</u>) (<u>Registration #</u>)

1. Introduction to Real Analysis (December 30, 1999) (TX0005112424)

2. Managerial Accounting: Tools for Business Decision Making (February 10, 2005) (TX0006118291)

3. Device Electronics for Integrated Circuits (January 16, 2003) (TX0005654600)

4. Fundamentals of Physics (September 16, 1993) (TX0003611651)

5. Elementary Principles of Chemical Processes (February 17, 2005) (TX0006116656)

6. Antenna Theory Analysis and Design (January 7, 1997) (TX0004445400)

7. Engineering Fluid Mechanics (February 10, 2005) (TX0006120490)

8. Physics (August 15, 2003) (TX0005802903)

Schedule B
Wiley Trademarks

|    | U.S. Trademark  | Registration Number | Class          |
|----|-----------------|---------------------|----------------|
| 1. | "JW" Colophon   | 2,168,941           | 009, 042       |
| 2. | "Wiley"         | 1,003,988           | 009, 016, 036, 038 |
| 3. | "Wiley"         | 2,159,987           | 009, 042       |

11